UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANA SAVARISTE

CIVIL ACTION

VERSUS

NUMBER 09-181-RET-SCR

CORRENTS TRUCKING, LLC, ET AL

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 7, 2011.

 *Stephen C. Riedlinger*
 STEPHEN C. RIEDLINGER
 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANA SAVARISTE

VERSUS

CORRENT'S TRUCKING, LLC, ET AL

CIVIL ACTION

NUMBER 09-181-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion for Summary Judgment filed by defendants Corrent's Trucking, L.L.C. and David Samuel Corrent, Sr. Record document number 18. The motion is opposed.[1]

Plaintiff Dana Savariste filed this action seeking recovery of overtime wages that were not paid while he was employed as a delivery driver for the defendants. Plaintiff alleged that the defendants failed to pay him at the rate of time and one-half of his regular pay for hours he worked in excess of 40 hours per week. In addition to unpaid overtime compensation, the plaintiff sought liquidated damages and attorney's fees pursuant to the Fair Labor Standards Act, 28 U.S.C. § 201, et seq. (FLSA).

Defendants moved for summary judgment seeking dismissal of the plaintiff's claims. Defendants argued that the plaintiff lacked sufficient evidence to show the amount and extent of the overtime work performed and only relied on vague, conclusory, and

---

[1] Record document number 21. Plaintiff separately filed Plaintiff's Statement of Disputed/Supplemental Facts in Opposition to Defendant's Motion for Summary Judgment, to which he attached exhibits A and B. Record document numbers 22, 22-1 and 22-2, respectively.

contradictory statements to support his claims. Defendants alleged that their delivery drivers generally worked from 7:00 a.m. to 2:30/3:00 p.m., including a half-hour lunch. Defendants noted several inconsistencies with the plaintiff's discovery responses regarding the times he worked. Defendants also argued that the plaintiff failed to produce an income tax return for 2008.

In the alternative, the defendants argued that defendant David Samuel Corrent, Sr. cannot be held individually liable under the FLSA because he is not an "employer" as defined by the statute. In support of this argument the defendants asserted that Corrent, Sr. did not hire/fire employees, supervise or control employee work schedules or conditions of employment, determine the rate and method of payment, or maintain the employment records.

Defendants also argued that the plaintiff is not entitled to liquidated damages under to 29 U.S.C. § 216(b) because they did not willfully violate the FLSA. To support this argument, the defendants produced evidence to establish that they had no knowledge of any of their employees working over 40 hours per week.

## **Applicable Law**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If

the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.*; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110 (2000). On a motion for summary judgment, evidence may only be considered to the extent it is not based on hearsay or other information excludable at trial. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282

3

(5th Cir. 2001). In this case the court must apply the law applicable to claims under the Fair Labor Standards Act, which provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee []." 29 U.S.C. § 203(d). The term "employer" is expansively interpreted and includes individuals with "'managerial responsibilities'" and "'substantial control of the terms and conditions of the [employer's] work.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984), *citing*, *Falk v. Brennan*, 414 U.S. 190, 195, 94 S.Ct. 427 (1973). When determining whether an individual constitutes an employer for purposes of the FLSA, the courts employ an economic reality test and consider factors such as the individual's "1) power to hire and fire the employee; 2) supervision and control of the employee's work schedule or conditions of employment; 3) determining the rate and method of payment for the hours worked; and 4) maintenance of employment records." *Williams v. Henagan,* 595 F.3d 610, 621 (5th Cir. 2010), *citing*, *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990).

An employee's initial step in bringing an FLSA claim for

4

unpaid overtime compensation is establishing that he performed work that went uncompensated. *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005), *citing, Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S.Ct. 1187 (1946). The employee's burden of proof is satisfied if he:

> produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate.

*Id.*

In addition to establishing the amount of work performed, an employee must also prove that he was "employed" while performing the overtime work. The employee must demonstrate that the employer had either actual or constructive knowledge that he was working overtime. *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 Fed.Appx. 448, 455 (5th Cir. 2009), *citing*, *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995). Constructive knowledge exists if an employer "exercising reasonable diligence" would become aware that an employee is working overtime. *Von Friewalde, supra, citing, Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 827 (5th Cir. 1973).

Plaintiff's claim included a request for liquidated damages. Under § 216(b), an employer in violation of the FLSA is ordinarily

5

liable both for unpaid wages and an additional equal amount as liquidated damages. *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 640 (5th Cir. 2001). However, an award for liquidated damages may be declined or reduced by the court if the employer can demonstrate that the violation was in good faith and with reasonable grounds for believing the act or omission was not in violation of the FLSA. *Id.*, *citing*, 29 U.S.C. § 260.

## Analysis

**Issues of material fact exist as to the hours of work performed by the plaintiff.**

Defendants argued that the plaintiff failed to provide sufficient evidence to establish that he performed more than 40 hours of work per week during his employment with Corrent's Trucking. Defendants referred to paycheck records and the plaintiff's contradictory testimony to discredit his allegations regarding the number of weeks he worked over-time hours. Defendants relied on testimony from David S. Corrent, Jr. to show that the drivers' work hours were limited to 7:00 a.m. to 2:30/3:00 p.m., with a 30 minute lunch break. Defendants also provided various examples of non-work related activities performed by the plaintiff during work hours.

Plaintiff testified in his affidavit that his typical work week at Corrent's Trucking consisted of working Monday through

Friday from 6:30/7:00 a.m. to 4:00/5:00 p.m.[2] The record established that the plaintiff had the capacity to open the yard in the mornings.[3] Plaintiff testified that in addition to delivering materials, his duties occasionally included loading his own truck for the deliveries.[4] Plaintiff also testified that his paychecks did not include his overtime wages and that he was paid in cash for the overtime hours he worked.[5] Viewed in a light most favorable to the plaintiff, this evidence demonstrates that the plaintiff could have worked a minimum of 45 hours per week, including 5 hours of overtime.

The evidence relied on by the defendants does not establish that the plaintiff was limited to paid working hours between 7:00 a.m. to 2:30/3:00 p.m. Defendants did not cite any testimony confirming the daily schedule worked by the plaintiff. A reasonable conclusion from the testimony of Corrent, Jr. is that the drivers' work hours were simply estimated.[6] However, even if

---

[2] Record document number 22-2, exhibit A, plaintiff's affidavit, ¶ 9. See also, record document number 18-3, exhibit C, plaintiff's deposition, p. 43.

[3] Record document number 18-1, exhibit A, deposition of David S. Corrent, Jr., p. 28. He is also referred to by the defendants as Samuel, Jr.

[4] Record document number 22-2, plaintiff's affidavit, ¶ 6.

[5] Record document number 18-3, plaintiff's deposition, pp. 36-37. Plaintiff testified that he was only paid his regular rate, rather than a rate of time and one-half.

[6] Record document number 22-1, excerpts of deposition of David S. Corrent, Jr., pp. 35-38.

7

the defendants had provided testimony regarding the daily hours worked by the plaintiff, such credibility issues cannot be resolved by the court on summary judgment.

With respect to the defendants' references to non-work activities performed by the plaintiff while on the job and the questionable number of weeks the plaintiff worked overtime, these serve only to create genuine issues of material fact as to the number of hours the plaintiff worked. Thus, the defendants have not shown that summary judgment on the plaintiff's FLSA overtime claim is warranted.

**Defendants failed to show that David Samuel Corrent, Sr. was not an employer subject to the FSLA.**

Defendants argued that defendant Corrent, Sr. had no day-to-day role in the operation of Corrent's Trucking. Defendants claimed that Corrent, Sr. was semi-retired and relied on both his son and Gerald Cannella to oversee the business operations. However, the defendants failed to provide evidence or testimony to support these allegations.

Plaintiff cited deposition testimony of Corrent, Jr. stating that Corrent, Sr. had the capacity to open the yard in the mornings and placed orders for the company.[7] Plaintiff testified in his affidavit that Corrent, Sr. was active at the business, placed

---

[7] Record document number 22-1, excerpts of deposition of David S. Corrent, Jr., pp. 16 and 28.

orders, and was responsible for sales.[8]

Because the defendants have not shown that there is no genuine dispute as to Corrent, Sr.'s lack of substantial control over the company, summary judgment cannot be granted.

**Evidence does not support dismissal of the liquidated damages claim.**

To demonstrate that no willful violation of the FLSA occurred, the defendants argued that their employees' working hours were monitored to insure that no one worked more than 40 hours per week. Defendants relied on their pay records and procedures involving drivers' logs and work orders to show that they were unaware of any employee working beyond 40 hours per week. Defendants also noted that their drivers could not start until they were assigned deliveries by either Corrent, Jr. or Cannella.

Plaintiff did not specifically address the defendant's argument regarding dismissal of his liquidated damages claim. However, the plaintiff supplied evidence showing that the drivers' paid hours were not based solely on the hours recorded in their daily logs. Corrent, Jr. testified that he audited the hours of the drivers based on their delivery routes and work routines.[9] Plaintiff also noted that the defendants failed to retain their pay

---

[8] Record document number 22-2, affidavit of Dana Savariste, ¶ 17.

[9] Record document number 22-1, excerpts of deposition of David S. Samuel Corrent, Jr., pp. 35-39.

9

and time records in accordance with 29 CFR § 516.6.[10]

Assuming, without deciding, that Corrent, Jr. exercised control over the hours credited to the drivers for purpose of their paychecks, a determination of defendants' willfulness depends on the credibility of the witnesses and the weight of the evidence, both of which must be decided by a jury rather than by the court in ruling on a motion for summary judgment. Also, the evidence relied upon by the defendants is essentially the same evidence used to support their arguments for dismissal of the plaintiff's claim for overtime wages. As discussed above, genuine issues of material fact exist as to the hours worked by the plaintiff. Accordingly, dismissal of the plaintiff's claim for liquidated damages based on essentially the same evidence would be improper.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion for Summary Judgment filed by defendants Corrent's Trucking, L.L.C. and David Samuel Corrent, Sr. be denied.

Baton Rouge, Louisiana, February 7, 2011.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[10] Employers are required to maintain and preserve basic employment and earnings records for a period of at least two years when the amounts on those records determine in whole or in part the pay period earnings or wages of their employees.